UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

ESSEX EXCAVATING CORPORATION AND CHERYL GRECO

Defendants.

CIVIL ACTION FILE NO. CA 06 427S

COMPLAINT

Elaine L. Chao, Secretary of the United States Department of Labor, hereby alleges:

(1) This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et seq., and is brought to redress violations, to obtain restitution from employee benefit plan fiduciaries and parties in interest, and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA pursuant to §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5).

(2) The Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

(3) Venue of this action lies in the District of Rhode Island pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

(4) During the pertinent period, January 3, 2000 to the present ("pertinent period"), Essex Excavating Corporation ("Essex" or "the company") had been an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5), and had been a

corporation having an office and place of business at 100 Irons Avenue, Johnston, Rhode, Island, within the jurisdiction of this Court. The company ceased operations in the summer of 2002 but did not file for bankruptcy protection.

(5) Essex established, on January 1, 2000, the Essex Excavating Corporation SIMPLE IRA Plan ("the Plan"), an employee pension benefit plan within the meaning of ERISA §3(2)(A), 29 U.S.C. §1002(2)(A), and which is covered under ERISA pursuant to §4(a), 29 U.S.C. § 1003(a).

(6) The purpose of the Plan was to provide retirement benefits for the exclusive benefit of its participants, employees of Essex.

(7) Essex was the sponsor of the Plan, as defined by ERISA §3(16)(B)(i), 29 U.S.C. §1002(16)(B)(i), and acted as Plan Administrator for the Plan during the pertinent period and, as such, was, and is, a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A). Furthermore, at all times relevant hereto, Essex was a party in interest within the meaning of ERISA §§3(14)(A) and (C) , 29 U.S.C. §§ 1002(14)(A) and (C).

(8) During the pertinent period, Defendant Cheryl Greco ("Greco") exercised discretionary authority or control respecting management of the Plan, and exercised authority or control respecting management or disposition of assets of the Plan. As such, Greco was, and is, a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A). Furthermore, during the pertinent period, Defendant Greco was, and is, a party in interest with respect to the Plan within the meaning of §§3(14)(A),(E) and (H) , 29 U.S.C. §§ 1002(14)(A)(E) and (H). Upon information and

belief, Defendant Greco resides at 110 Westonia Lane, Warwick, Rhode Island 02889, within the jurisdiction of this Court.

(9) According to the Plan documents, during the pertinent period, the Plan was to be funded by withheld employee contributions in accordance with each employee participant's election, and by matching employer contributions. The employee contributions withheld on behalf of each Plan participant during the pertinent period became assets of the Plan by operation of 29 C.F.R. §2510.3-102.

(10) During the pertinent period, the company failed to forward to the Plan withheld employee contributions totaling $16,795.06.

(11) During the pertinent period, Defendants Essex and Greco, were responsible for receiving and collecting any and all monies and other property due to the Plan, including contributions, and for properly managing the assets of the Plan, including the withheld employee contributions.

(12) During the pertinent period, Defendants Essex and Greco failed to take appropriate measures to receive and collect any and all employee contributions due to the Plan, and to ensure that the withheld employee contributions, as assets of the Plan, were properly forwarded to the Plan account.

(13) As a result of the conduct set forth at paragraphs 10-12, Defendants Essex and Greco failed to discharge their fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA §§403(C)(1) and 404(a)(1)(A), 29 U.S.C. §§1103(c)(1) and 1104(a)(1)(A).

(14) As a result of the conduct set forth at paragraphs 10-12, Defendants Essex and Greco failed to discharge their fiduciary duties with care, skill, prudence and diligence, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B).

(15) As a result of the conduct set forth at paragraphs 10-12, Defendants Essex and Greco engaged in prohibited transactions by causing or permitting the Plan to engage in transactions constituting a direct or indirect transfer to or use of Plan assets for the benefit of Essex, a party in interest with respect to the Plan, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D).

(16) As a result of the conduct set forth at paragraphs 10-12, Defendants Essex and Greco engaged in prohibited transactions by dealing with the assets of the Plan in their own interest or for their own account, in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1).

(17) As a result of the conduct set forth at paragraphs 10-12, Defendants Essex and Greco participated in what they knew or should have known constituted prohibited transactions by dealing with the assets of the Plan on behalf of a party whose interests were adverse to the interests of the Plan and its participants and beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. § 1106(b)(2).

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1) Permanently enjoining Defendants from violating, or knowingly participating in violations of, the provisions of ERISA §§403, 404 and 406, 29 U.S.C. §§1103, 1104 and 1106, and in particular, from failing to ensure the proper forwarding of withheld employee contributions to any ERISA-covered plan as to which they serve as fiduciaries;

(2) Requiring Defendants to undo the prohibited transactions in which they engaged and to restore to the Plan any and all losses incurred as a result of breaches of their fiduciary duties and violations they committed or for which they are liable, with appropriate interest;

(3) Appointing an independent fiduciary for the purpose of having appropriate allocations and disbursements made to each of the Plan participants whose Plan accounts were underfunded, and for the purpose of terminating the Plan;

(4) Awarding to Plaintiff the costs of this action, and other relief as is equitable and just.

Robert Clark Corrente
U.S. Attorney
District of Rhode Island
Fleet Center, 50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Maureen L. Canavan
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203

TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: 9/27/06