UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

CHERYL GRECO and ESSEX
EXCAVATING CORPORATION,

Defendants

CIVIL ACTION NO: 06-427S

PLAINTIFF'S STATEMENT OF CLAIMS AGAINST DEFENDANT CHERYL GRECO

In accordance with the Court's Notice of Scheduling Conference dated February 8, 2007, Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor (the "Secretary") provides a written statement of the Secretary's claims against Defendant Cheryl Greco as follows:

This action arises under Title I of the Employee Retirement and Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§1101 et. seq., and is brought by the Secretary of Labor (the "Secretary") to enjoin acts and practices which violate Title I of ERISA and to obtain appropriate relief in order to redress violations and enforce the provisions of Title I of ERISA. The Court has jurisdiction over this matter pursuant to ERISA §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5).

The Secretary of Labor, United States Department of Labor is charged with responsibility for the enforcement of the fiduciary requirements of Title I of the Employee Retirement Income Security Act, 29 U.S.C. §1001 et seq., (ERISA), which includes instituting actions in federal district court for injunctive relief and restitution to employee benefit plans pursuant to ERISA §502(a), 29 U.S.C. §1132(a). Personnel of the Employee Benefit Security Administration, United States Department of Labor ("EBSA") conduct investigations in order to determine whether violations of ERISA have occurred. The Secretary, under her statutory authority, through EBSA, conducted an investigation of Essex Excavating Corporation ("Essex") and the Essex Excavating Corporation SIMPLE IRA Plan (the "Plan").

Essex, a Rhode Island corporation, was located at 100 Irons Avenue, Johnston, Rhode Island. Essex ceased operations in the summer of 2002. Essex was the sponsor of the Plan. The Plan was established on January 1, 2000 to provide retirement benefits for the exclusive benefit of its participants, employees of Essex. The Plan was an employee benefit plan within the meaning of ERISA §3(2)(A), 29 U.S.C. §1002(2)(A), which was covered under ERISA pursuant to ERISA §4(a), 29 U.S.C. §1003(a). According to plan documents, the Plan was designed to be funded by employee contributions which were withheld from employee paychecks in accordance with each participant's election and by matching employer contributions. As the sponsor of the Plan, Essex was a party in interest with respect to the Plan within the meaning of ERISA §§3(14)(A) and (C), 29 U.S.C. §§1002(14)(A) and (C).

Defendant Cheryl Greco served as the President of Essex. Defendant Cheryl Greco owned and controlled the operation of Essex. In addition, defendant Cheryl Greco acted on behalf of Essex as the plan administrator of the Plan. Defendant Cheryl Greco exercised

discretionary authority and control respecting the management of the Plan and exercised discretionary authority and control respecting management or disposition of assets of the Plan. By virtue of her exercise of authority or control over the management of the Plan and the disposition of assets of the Plan, defendant Cheryl Greco was a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A). See Mertens v. Hewitt Associates, 508 U.S. 248, 262 ("ERISA 'defines fiduciary not in terms of formal trusteeship, but in functional terms of control and authority over the plan, thus expanding the universe of persons subject to fiduciary duties – and to damages – under 409(a)'")(internal citations omitted); In re Enron Corp. Securities Derivative & ERISA Litigation, 384 F.Supp.2d 511, 543 (S.D. Tex. 2003); Confer v. Custom Engineering Co., 952 F.2d 34, 37 (3d Cir. 1991); Leigh v. Engle, 727 F.2d 113, 134, n. 33 (7th Cir. 1984); Musmeci v. Schwegmann Giant Super Markets, Inc., 332 F.3d 339, 350-51, n.7 (5th Cir. 2003); Kayes v. Pacific Lumber Co., 51 F.3d 1449, 1459 (9th Cir. 1995); Best v. Cyrus, 310 F.3d 932, 935 (6th Cir. 2002); PMTA-ILA Containerization Fund v. Rose No. 94-5635, 1995 WL 461269 *5 (E..D. Pa. 8/2/95)("Courts have consistently held that employers who exercise discretionary control over funds that are designated for deposit into an ERISA fund qualify as fiduciaries"); NYSA-ILA Medical & Clinical Servs Fund v. Catucci, 60 F.Supp.2d 194, 202-203 (S.D. N.Y. 1999); LoPresti v. Terwilliger, 126 F.3d 34, 40 (2d Cir. 1997)(president of closely held corporation deemed a fiduciary based upon his exercising authority over plan assets by commingling plan assets with company's general assets and using plan assets to pay company's creditors); IT Corp. v. General American Life Ins. Co., 107 F.3d 1415, 1421 (9th Cir. 1997)("Any control over disposition of plan money makes the person who had control a fiduciary."). As fiduciary to the Plan, defendant Cheryl Greco was responsible

for receiving and collecting all monies and other property due the Plan and was responsible for properly managing the assets of the Plan, including the withheld employee contributions.

As a fiduciary to the Plan and owner and corporate officer of Essex, defendant Cheryl Greco was a party in interest with respect to the Plan within the meaning of ERISA §§3(14)(A), (E) and (H), 29 U.S.C. §§1002(14)(A), (E) and (H). Defendant Cheryl Greco resides at 110 Westonia Lane, Warwick, Rhode Island, within the jurisdiction of this Court.

The EBSA investigation revealed that over the period January 3, 2000 through June 30, 2002, defendant Cheryl Greco failed to ensure that all employee contributions which were withheld from employee paychecks as deposits to the Plan were remitted to the Plan. Specifically, over the period January 3, 2000 through June 30, 2002, Greco failed to ensure that Essex remitted a total of $16,795.06 in employee contributions to the Plan. Amounts withheld from employee paychecks as employee contributions to the Plan instead were used by Greco and/or Essex in order to satisfy the debts of Greco and/or Essex. The employee contributions withheld on behalf of each Plan participant became assets of the Plan by operation of the ERISA plan asset regulation, 29 C.F.R. §2510.3-102. See Phelps v. C. T. Enterprises, Inc., 394 F.3d 213, 200 (4th Cir. 2005); Chao v. Rhoades, 2006 WL 995050 (M.D.N.C. 2006)(slip copy). As set forth in detail below, the use of plan assets by Greco and/or Essex constitutes a prohibited transaction and is violative of ERISA §406(a) and (b). Greco dealt with assets of the Plan in her own interest or for her own account in violation of ERISA §406(b)(1). In addition, Greco's actions violated ERISA §404(a) in that as fiduciary of the Plan she did not act in a prudent fashion for the purpose of providing benefits to plan participants and beneficiaries.

Defendant Greco failed to take appropriate steps to ensure that all withheld employee contributions, as assets of the Plan, were forwarded to the Plan. Those assets instead were used

by Greco and/or Essex to satisfy the debts and obligations of Greco and/or Essex. The failure to transmit employee contributions to the Plan, and the Greco's and/or the sponsor's use of those plan assets to satisfy corporate obligations constitute a direct or indirect "transfer to, or use by or for the benefit of, a party in interest," of plan assets in violation of ERISA §406(a)(1)(D). See McDougall v. Donovan, 552 F.Supp 1206 (N.D. Ill. 1982); Marshall v. Kelly 465 F.Supp 341, 351 (W.D. Okla. 1978); Marshall v. Mercer, 4 EBC 1523, 1535 (N.D. Tex. 1983); rev'd 747 F.2d 304 (5th Cir. 1983); Chao v. Malkani, 216 F.Supp.2d 505, 515 (D. Md. 2002); Chao v. Johnson, 2005 WL 2095109 , at *6 (S.D. Tx. 2005); Chao v. Suave, No. C 03-2041, 2004 WL 503819 at * 3 (N.D. Iowa Mar. 16, 2004); Martin v. Harline, 15 EBC 1138, 1152 (D. Utah 1992); Martin v. Rutledge, 807 F.Supp. 693, 696 (N.D. Ala. 1992), aff'd 996 F.2d 1232 (11th Cir. 1993), *cert. denied* 114 S.Ct. 1293 (1994); James A. Dooley Assoc. Emp. Ret. Plan v. Reynolds, 654 F.Supp 457 (E.D. Mo. 1987) But cf. Brock v. Citizens Bank of Clovis, 841 F2d 344 (10th Cir. 1988), *cert. denied*, 488 U.S. 829 (1988).

In addition, because she failed to ensure that all employee contributions were deposited to the Plan and that the funds were instead used for herself and/or a corporation which she owned or controlled, defendant Cheryl Greco dealt with the assets of the Plan in her own interest or for her own account in violation of §406(b)(1). See Marshall v. Mercer, 4 EBC 1523, 1535 (N.D. Tx. 1983), rev'd 747 F.2d 304 (5th Cir. 1984); Marshall v. Kelly 465 F.Supp 341, 351 (W.D. Okla. 1978); Chao v. Malkani, 216 F.Supp.2d 505, 515 (D. Md. 2002); Chao v. Johnson, 2005 WL 2095109 , at *6 (S.D. Tx. 2005); Chao v. Hochuli, 244 F.Supp.2d 92, 99 (E.D. N.Y. 2003); Pension Benefit Guaranty Corp. v. Solmsen, 671 F.Supp. 938, 946 (E.D. N.Y. 1987); Chao v. Stuart, No. Civ. H-04-1115, 2005 WL 1693939 at *6 (S.D. Tex. Jul. 20, 2005).

Moreover, in failing to deposit the employee contributions to the Plan and instead using plan assets to satisfy the obligations of the herself and/or Essex, defendant Cheryl Greco acted on behalf of a party whose interests were adverse to the interests of the Plan, its participants and beneficiaries in violation of ERISA § 406(b)(2). By choosing to utilize plan assets to satisfy the debts of the sponsor, Greco acted on behalf of Essex, an entity which she owned and controlled. See Freund v. Marshall & Ilsley Bank, 485 F.Supp.629 (W.D. Wis. 1979); Cutaiar v. Marshall, 590 F.2d 523 (3rd. Cir. 1979); Donovan v. Mazzola, 716 F.2d 1226, 1236-8 (9th Cir. 1983); Davidson v. Cook, 567 F.Supp. 225, 237 (E.D. Va. 1983) *aff'd mem.* 734 F.2d 10 (4th Cir. 1984), *cert. denied* 469 U.S. 899 (1984)

As a result of the failure to forward all withheld employee contributions to the Plan, defendant Cheryl Greco failed to discharge her fiduciary duties to the Plan for the exclusive purpose of providing benefits to the participants and beneficiaries of the Plan in violation of ERISA §§403(c)(1) and 404(a)(1)(A), 29 U.S.C. §§1103(c)(1) and 1104(a)(1)(A). Instead, plan assets were used to satisfy the obligations of Greco and/or Essex, parties in interest to the Plan within the meaning of ERISA. Freund v. Marshall & Ilsley Bank, 485 F.Supp. 629, 636 (W.D. Wis. 1979); Marshall v. Mercer, 4 EBC 1523, 1534 (N.D. Tx. 1983) rev'd 747 F.2d 304 (5th Cir. 1984); Donovan v. Williams, 4 EBC 1237, 1244 (N.D. Ohio 1983); Zanditon v. Feinstein, 7 EBC 1896, 1908 (D. Mass. 1986), aff'd in part, rev'd in part, 849 F.2d 692 (1st Cir. 1988); Pension Ben. Guaranty Corp. V. Solmsen 671 F. Supp. 938, 945-46 (E.D.N.Y. 1987); Donovan v. Bryans, 566 F.Supp. 1258 (E.D. Pa 1983); Yeseta v. Baima, 837 F.2d 380, 386 (9th Cir. 1998)(withdraw of plan assets to pay company's "necessary operating expenses" violated §404(a)(1)(A)); Connors v. Paybra Mining Co., 807 F.Supp. 1242, 1246 (S.D. W.Va.

1992)(corporate directors and officers violated fiduciary duty of loyalty be diverting plan assets to cover company expenses); Leigh v. Engle, 727 F.2d 113, 126-27(7th Cir. 2984)

Further, defendant Cheryl Greco failed to discharge her fiduciary duties with respect to the Plan with the care, skill, prudence and diligence that is required of a fiduciary, in violation of ERISA §404(a)(1)(B). Freund v. Marshall & Ilsley Bank, 485 F.Supp. 629 (W.D. Wis. 1979); Zanditon v. Feinstein, 7 EBC 1896 (D. Mass. 1986), *aff'd in part, rev'd in part*, 849 F.2d 691 (1st Cir. 1988); Collins v. Pension and Insuarnce Committee of the So. Cal. Rock Products and Ready Mix Concrete Assns., 144 F.3d 1279 (9th Cir. 1998); Frahm v. Equitable Life Assur. Soc. Of U.S., 137 F.3d 955, 960 (7th Cir. 1998). Finally, by causing the Plan to engage in a prohibited transaction in failing to ensure that employee contributions were forwarded to the Plan, defendant Cheryl Greco failed to act in accordance with plan documents in violation of ERISA §404(a)(1)(D). Huff v. United Mine Workers of America Health and Retirement Funds, 797 F.Supp. 521 (S.D. W.Va. 1992); Arakelian v. National Western Life Co., 755 F.Supp. 1080 (D.D.C. 1990); Nazay v. Miller, 768 F.Supp. 124 (M.D. Pa. 1991) *rev'd* 949 F.2d 1323 (1991); O'Neill v. Retirement Plan for Salaried Employees of RKO General, Inc., 37 F.3d 55 (2d Cir. 1994).

As a result of the alleged violations set forth above, the Secretary seeks that this Court issue an Order: (1) requiring defendant Cheryl Greco to undo the prohibited transactions in which she engaged and to restore to the Plan any and all losses incurred as a result of her breaches of fiduciary duty and violations which she committed with appropriate interest; (2) appointing an independent fiduciary for the purpose of having appropriate allocations and disbursements made to each of the Plan participants whose Plan accounts were underfunded; (3)

permanently enjoining defendant Cheryl Greco from violating or participating in violations of ERISA §§403, 404 and 406, 29 U.S.C. §§1103, 1004 and 1106.

Respectfully submitted,
For the Plaintiff:

Elaine L. Chao, Secretary of Labor
United States Department of Labor
Jonathan L. Snare
Acting Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

*/s/ Maureen L. Canavan*
Maureen L. Canavan
Office of the Solicitor
U.S. Department of Labor
JFK Building, Room E-375
Boston, MA 02203
(617) 565-2500
Canavan.Maureen@dol.gov

Certificate of Service

I certify that one copy of the *Plaintiff's Statement of Claims against Defendant Cheryl Greco* has been served this 9th day of March, 2007 on Thomas C. Plunkett via e mail at tplunkett@kprlaw.com, info@kprlaw.com.

*/s/ Maureen L. Canavan*
Attorney