06-18 TP 9/25

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * * * * * * * * * *

ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,
Plaintiff,

v.

CHERYL GRECO and ESSEX EXCAVATING CORPORATION,
Defendants

CIVIL ACTION NO. 06-427 S

* * * * * * * * * * * * * * * * * * * * * * * * *

**CONSENT JUDGMENT AND ORDER**

Defendant Cheryl Greco and Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, (the "Secretary") have agreed to resolve all matters in controversy in this action (except for the imposition by Plaintiff of any penalty pursuant to ERISA Section 502(l) and any proceedings related thereto), and said parties do now consent to entry of a Judgment and Order by this Court in accordance therewith.

The parties agree, for purposes of any future assessment of penalty pursuant to ERISA §502(l), 29 U.S.C. §1132(l), that the "applicable recovery amount" shall be the amount of $14,315.34 as set forth in paragraph 1, below. This agreement will not operate to prevent defendant Cheryl Greco from seeking a waiver of any future assessment of penalty pursuant to ERISA §502(l), 29 U.S.C. §1132(l).

Defendant Cheryl Greco has admitted to the jurisdiction of this Court over her and over the subject matter of this action.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order.

Defendant Cheryl Greco, having agreed to entry of this Consent Judgment and Order, and with due consideration and being fully advised of the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Defendant Cheryl Greco is hereby ordered to restore to the Essex Excavating SIMPLE IRA Plan (hereinafter "the Plan") the amount of $14,315.34 plus interest at the post judgment interest rate, calculated from the date of this order to the date of final payment.

2. Defendant Cheryl Greco waives any legal or equitable interest she may have in the Plan. Defendant Greco shall deposit all amounts paid under the terms of this Consent Judgment and Order to a trust account in the name of the Plan for the benefit of the non-trustee participants in the Plan. Amounts shall be allocated to the non-trustee participants as set forth in Appendix A to this Judgment. Within thirty (30) days of establishment of the trust account, Ms. Greco shall provide the Department with proof that the account has been established.

3. Restitution to the Plan shall be made by Cheryl Greco in accordance with the following repayment schedule: Defendant Cheryl Greco shall pay the amount of $175.00 per month for a period of five (5) years, in a series of sixty monthly installment payments. The first monthly installment payment is due on or before August 31, 2007 and the final monthly installment payment shall occur on or before July 31, 2012. In addition to the foregoing, to the extent that Ms. Greco's "annual pre-tax income" exceeds certain dollar limits she is obligated to contribute addition amounts to the Plan for the benefit of non-trustee participants in the Plan. Ms. Greco's obligation to make additional contributions to the Plan is set forth in Appendix B attached to this Judgment.

The foregoing restitution schedule is based upon a Declaration of Financial Status executed by defendant Cheryl Greco on March 26, 2007. If any material representation made in that Declaration of Financial Status later is determined to have been falsely given, the entire Judgment amount of $14,315.34 plus interest as set forth in paragraph 1, less any amounts already paid to the Plan, shall become due and owing immediately. In order to ensure compliance with the restitution schedule, on an annual basis Ms. Greco shall provide the Department with copies of bank statements for the trust account opened in the name of the Plan as follows: for the first year the account is opened, Ms. Greco shall provide the Department with bank statements on a quarterly basis, for the remaining years, Ms. Greco shall provide the Department with bank statements on a semi-annual basis.

4. Within thirty (30) days of the date of entry of this Judgment, defendant Cheryl Greco shall provide participants listed in Appendix A with a copy of this Consent Judgment and Order and Appendices hereto. Within thirty (30) days of transmitting copies of this Consent Judgment, defendant Cheryl Greco shall provide the Department with proof that the Consent Judgment has been provided to Plan participants. Defendant Cheryl Greco shall take all appropriate steps to maintain current addresses and contact information for the participants in the Plan.

5. Defendant Cheryl Greco shall ensure that distributions under the Plan are effected within ninety (90) days following the completion of restitution under this Judgment. In effecting distributions under the Plan, defendant Cheryl Greco shall follow all appropriate steps to locate participants of the Plan, as outlined in the Department of Labor Field Assistance Bulletin 2004-02 attached hereto as Appendix C.

6. Defendant Cheryl Greco shall take all steps to terminate the Plan, including but not limited to executing any and all documents necessary to effect termination of the Plan. Defendant Cheryl Greco shall ensure that the Plan is terminated within thirty (30) days after final distributions as set forth in paragraph 5 are made under the Plan.

7. Defendant Cheryl Greco shall provide the Department of Labor with proof of distributions made under the terms of the Plan. With respect to providing the Department with notification or verification of matters set forth in this Consent Judgment, said notification shall be provided to: United States Department of Labor, Employee Benefits Security Administration, JFK Federal Building, Room 575, Boston, MA 02203, Attention: Investigator Amy Goyer.

8. Defendant Cheryl Greco is permanently enjoined from violating the provisions of Title I of ERISA. Following the termination of the Plan as set forth below, defendant Cheryl Greco is enjoined from serving as a fiduciary to any ERISA covered Plan.

9. Each party shall bear its own fees and expenses with respect to this action.

10. The Court shall retain jurisdiction of this matter for the purposes of enforcing this Consent Judgment and Order.

11. Nothing in this Judgment is binding on any governmental agency other than the United States Department of Labor.

IT IS SO ORDERED THIS 3d day of October, 2007.

WESmith

United States District Judge

Consented to by:

For the Plaintiff
Secretary of Labor:

Frank V. McDermott
Regional Solicitor

Maureen L. Canavan ______ 10/2/07 ______
Maureen L. Canavan Dated
Attorney BBO#550969
U.S. Department of Labor
Office of the Solicitor
J.F.K. Federal Building, Room E-375
Boston, MA 02203

For the Defendant:

Cheryl Greco ______ 9-19-07 ______
Cheryl Greco Dated